POMERANZ *v.* HILL ET AL.

(No. D-99567—Decided August 20, 1970.)

Dayton Municipal Court, Civil Division.

*Messrs. Goldman, Bogin & Fox* and *Mr. Dennis L. Patterson,* for plaintiff.
*Messrs. Worman, Simpson & Falknor* and *Mr. Charles J. Simpson,* for defendants.

RICE, J.   The captioned cause is a complaint for replevin of an RCA portable, black and white, television set.   The plaintiff filed a total of nine interrogatories requesting answers of the defendant.   The defendant has filed these answers and the plaintiff has now moved that these answers be stricken for the following reasons:

1. They were not answered by ''proper employees, officers or agents,'' as required by Rule 33(A) of the new Ohio Rules of Civil Procedure.

2. Interrogatory Number 9 is not answered or objected to as required by Rule 33(A), and

3. The answers do not identify ''each interrogatory in full immediately preceding the statement of any answer or objection'' as required by Rule 33(D).

The purpose behind the new Ohio Rules of Civil Procedure was to do justice between the parties by expediting and simplifying pleadings necessary to be filed to move parties and their controversies ''to issue.''   To that end, liberal discovery procedures, including an extended use of interrogatories, have been provided.   The Rules are to be interpreted with that goal foremost in mind.   Yet,

such a noble purpose cannot do away with the requirement that the new rules of procedure must be followed in matters dealing with the new discovery procedures.

In the matter of interrogatories, under the "old" rules, prior to the effective date of the new Rules of Civil Procedure, an attorney was not permitted to answer the interrogatories for a party (R. C. 2309.43 which required, in the case of a corporation, that the interrogatories be answered by the president, secretary or other officer thereof. See also *Wentzel* v. *Zinn*, 7 N. P. 512, 10 O. D. (N. P.) 97, in which the court held that answers to interrogatories made under this section must be made and verified by the party to the action and not by the attorney). Nothing in the new rules changes this. In fact, Rule 33(A) (second paragraph, second sentence), would appear to confirm this dichotomy between corporate officials and attorneys by stating that the answers to the interrogatories are to be signed by the *persons* making them (presumably by an officer or agent of the corporation) and that any objections to the interrogatories must be signed by the *attorney* making them. It is thus clear that under the new rules, as well as under the old, an attorney cannot answer the interrogatories as was done in the case at bar.

It appears that in the case at bar, the defendant has failed to answer or object to Interrogatory Number 9 as required by Rule 33(A). The defendant's reply that the answer to Interrogatory Number 9 is the same as the answer to Interrogatory Number 8 is not satisfactory, for the reason that question 8 and question 9 require, by their very wording, different answers. Interrogatory Number 8 requests a "where" answer, whereas Interrogatory Number 9 seeks a "when" response.

Finally, it appears that the defendant has failed to comply with Rule 33(D) in that he has failed to, in his answer to the plaintiff's interrogatories "identify and quote each interrogatory in full immediately preceding the statement of any answer or objection thereto." A mere numbering of each answer is not sufficient.

Wherefore, the motion of the plaintiff to strike the

answers to the interrogatories filed by the defendant is sustained. The defendant is given 14 days from date to once again answer and serve the requested interrogatories, in the proper form, upon the plaintiff.